**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41443
Summary Calendar

MITCHELL L. BOREN,

Plaintiff-Appellant,

VERSUS

BRADLEY TANNER; JOE L. HAWTHORN,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 96-CV-90

November 10, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Mitchell L. Boren, Texas inmate #463913, filed a civil rights lawsuit under 42 U.S.C. § 1983. The suit alleged that defendants Bradley Tanner and Joe Hawthorn, both of the Texas Department of Criminal Justice, had violated Boren's rights during a disciplinary hearing against the plaintiff. Boren contends that the evidence produced at the hearing was insufficient to find him guilty. He further contends that the procedures used at this hearing were in violation of prison policy. The district court dismissed the suit as failing to state a claim upon which relief could be granted.[2] We affirm.

This court reviews a dismissal under §1915 (e)(2)(B)(ii) *de novo*, applying the same standard

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] 28 U.S.C. § 1915 (e)(2)(B)(ii).

used to review a dismissal under Federal Rule of Civil Procedure 12 (b)(6).[3] Viewing the allegations in the light most favorable to the plaintiff, "the dismissal may be upheld only if it appears that no relief could be granted under any set of circumstances that could be prove[d] consistent with the allegations."[4]

Boren's claim of insufficient evidence is without merit. "Federal courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'"[5] Boren does not deny possessing the wire. Boren further admits that the defendants produced testimonial and photographic evidence against him. These facts are sufficient to defeat a claim of insufficient evidence at a disciplinary hearing.

Boren's allegation that the defendants did not follow prison policy is not sufficient to afford him relief under 42 U.S.C. § 1983. The failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation.[6]

The ruling of the district court is AFFIRMED.

---

[3] Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

[4] McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 160 (5th Cir. 1995).

[5] Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986) quoting Stewart v. Thigpen, 730 F.2d 1002, 1005-6 (5th Cir. 1984).

[6] Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).